# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES HARRELL, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 18-00055-CG-B |
| ALABAMA DEPARTMENT OF CORRECTIONS, *et al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Charles Harrell filed the instant action seeking relief under 42 U.S.C. § 1983 while he was incarcerated at G.K. Fountain Correctional Facility, 9677 Alabama Highway 21 N., Atmore, AL 36503. (Doc. 1). In an order dated April 4, 2018 (doc. 3), the Court granted his request to proceed *in forma pauperis,* and directed him to re-file his complaint on the Court's required form for prisoner actions under § 1983 no later May 4, 2018. (Id. at 2). Harrell was cautioned that failure to timely comply with the Court's order or to keep the Court apprised of any change in his address would result in dismissal for failure to prosecute and to obey the Court's order. (Id. at 3).

Harrell's copy of the Court's order dated April 4, 2018 was mailed to him at his address of record and was returned as undeliverable on April 20, 2018. (Doc. 5). The notation on the

envelope advised that the order was being returned because Harrell was "[r]eleased due to [e]xpiration of sentence." (Id. at 1). Similarly, Harrell's copy of the Court's order dated April 20, 2018, requiring collection of his filing fee was also mailed to him at his address of record and was returned as undeliverable on May 8, 2018. (Doc. 6). That envelope also contained the notation that that Harrell had been released due to the expiration of his sentence. (Id. at 1). Additionally, a search the Alabama Department of Corrections' ("ADOC") website indicates that Harrell is no longer in its custody. To date, Harrell has not provided the Court with an updated address. Because Harrell is no longer in the custody of ADOC and has neglected to keep the court appraised of his current address, the Court has no means by which to communicate with him, and surmises that he has lost interest in this action.

In light of the above, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no lesser sanction will suffice. Link v. Wabash R.R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57

(11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Blunt v. U. S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 683, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual

3

and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this **25th** day of **May, 2018.**

                              **/s/ SONJA F. BIVINS**
                      **UNITED STATES MAGISTRATE JUDGE**